```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   Case No. 07-60657-Civ-COHN/SNOW
```

MARGARET ROVI,

      Plaintiff,

      v.

CITIBANK (SOUTH DAKOTA) N.A.,

      Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on the defendant's Motion for Sanctions (Docket Entry 26), which was referred to United States Magistrate Judge Lurana S. Snow.

The complaint was filed on April 11, 2007, in the County Court for Broward County, Florida, on or about April 11, 2007, alleging violation of the Fair Credit Billing Act, 15 U.S.C. § 1666. The complaint was removed to the district court on May 8, 2007.

The defendant's answer includes the affirmative defense that plaintiff's counsel had improperly initiated this lawsuit and eight other lawsuits on behalf of plaintiffs who reside outside the State of Florida, for the purpose of avoiding full payment of the debts owed and negotiating favorable settlements on the amounts owed to the defendant.

On June 21, 2007, plaintiff's counsel, responding to a letter suggesting dates for the plaintiff's deposition, chose July

25, 2007, for the deposition and stated that the plaintiff would appear be telephone. (DE 12-2) On June 22, defendant's counsel sent a letter stating that the plaintiff must appear in person. (DE 21-2, Exhibit D) On July 12, 2007, defendant's counsel sent a second letter reiterating the June 22 position that the plaintiff must appear in person. (DE 12-3)

On July 16, the plaintiff filed a motion for leave to appear telephonically, stating that the she was an Illinois resident who was insolvent and could not afford to travel to Florida for her deposition. The defendant's response (DE 19) contends that it made many efforts to schedule the plaintiff's deposition, finally obtaining a date approved by plaintiff's counsel. At no time did plaintiff's counsel indicate that the plaintiff would be in Illinois on that date; indeed, the motion was the first indication that the plaintiff would be in Illinois on the date chosen by her counsel.[1] The defendant cited case law supporting the proposition that a plaintiff who is not a resident of the forum chosen for the lawsuit must appear in that forum for a deposition. McGinley v. Barratta, 2006 WL 2346301 *1 (E.D.Pa. 2006); MCI Worldcom Network Services v. Atlas Excavating, Inc., 2004 WL 755786 *1 (N.D.Ill. 2004). The Court denied the motion and ordered the plaintiff to appear in person for the July 25, 2007, deposition. (DE 18)

---

[1]The defendant's response again discusses the number of similar lawsuits plaintiff's counsel filed in Broward County, Florida, for out-of-state credit card holders.

2

On July 25, the plaintiff filed a notice of voluntary dismissal with prejudice. (DE 20) In response, the defendant did not oppose the dismissal, but asked the Court to impose sanctions on the plaintiff and plaintiff's counsel "for the bad faith, vexatious, unethical conduct" evidenced by the number of similar lawsuits filed and the fact that the plaintiff did not file the voluntary dismissal until two hours after failing to attend the scheduled deposition. (DE 21) The Court dismissed the case, but converted the defendant's response into the instant motion for sanctions.

The plaintiff's response to the motion for sanctions asserts that Rule 11 sanctions cannot be premised on filings made in state court before removal, does not apply to discovery disputes and does not apply to conduct which is not in the form of a signed motion, pleading or other document. While the plaintiff concedes that Rule 37 governs sanctions for discovery infractions, she asserts that she repeatedly informed the defendant that she could only attend on July 25 by telephone, and thus did not abuse the discovery process. Although her counsel was attempting to obtain tickets and arrangements for travel, the response states that the plaintiff informed her counsel that she was not able attend in person on that date, even if it meant that she had to dismiss her claim. Accordingly, on July 24, her counsel informed the defendant that she was amenable to an offer of settlement. Thereafter the voluntary dismissal was filed.

3

The defendant's reply asserts that the Court has the inherent power to assess sanctions for bad faith or vexatious litigation practices, or the Court may assess sanctions pursuant to 28 U.S.C. § 1927.[2]

Title 28 U.S.C. § 1927 provides

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and the attorneys' fees reasonably incurred because of such conduct.

"To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable *and* vexatious conduct; this conduct must multiply the proceedings; and the amount of sanctions cannot exceed the costs occasioned by the objectionable conduct." Schwartz v. Millon Aire, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003)(citations omitted). "'Bad faith' is the touchstone. Section 1927 is not about mere negligence. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a

---

[2] The defendant did not seek sanctions based on Fed.R.Civ.P. 37 or Fed.R.Civ.P.11. The plaintiff's response correctly points out that Rule 11 sanctions cannot be based on papers or pleadings filed in state court prior to removal. Worldwide Primates, Inc. v. McGreal, 26 F.3d 1089, 1091 (11th Cir. 1994). The defendant's reply asserts that a party which advocates a previous filing after removal may be subject to Rule 11 sanctions. Bisciglia v. Kenosha Unified School District No. 1, 45 F.3d 223, 227 n.5 (7th Cir. 1995). The Court notes that the Worldwide Primates court awarded Rule 11 sanctions when the plaintiff restated the complaint's baseless factual allegations in its response to the motion to dismiss the removed complaint. Id. at 1093. However, that exception does not apply to the case at bar.

4

frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." Id.

> But it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct. The term "unreasonably" necessarily connotes that the district court must compare the attorney's conduct against the conduct of a "reasonable" attorney and make a judgment about whether the conduct was acceptable according to some objective standard.

Amlong & Amlong v. Denny's Inc., - F.3d -, 2006 WL 4758983 (11th Cir. September 11, 2007).

The defendant asks the Court to sanction plaintiff's counsel for filing a frivolous complaint, for failing to make the plaintiff available for her deposition and for failing to dismiss the case prior to the time set for the plaintiff's deposition.

The complaint filed in state court alleges that the plaintiff had a credit card account with the defendant. The account provided that the defendant could assess finance charges. However, the plaintiff challenged finance charges assessed on the statement bearing a closing date of November 21, 2006, and subsequent finance charges and penalties. The parties were unable to reach an agreement on the matter and the plaintiff filed the instant complaint.

The defendant contends that the complaint was frivolous and without merit, "presented as part of a debt elimination scheme." (DE 24, p. 4) In support of this argument, the plaintiff

5

provides a copy of Comptroller of the Currency Administrator of National Banks, Consumer Complaints and Assistance: National Bank Anti-Fraud Resource Center (undated), which discusses "Receipt of Unsolicited Checks, . . . Fictitious Correspondence from U.S. Government Agencies, Lottery Scam, . . . Debt Elimination, Fictitious Banking, Phishing, Spoofing & Pharming, and Spam" (DE 24, Exhibit A, p. 1) Pages 6-8 describe various schemes offered to the public to eliminate their debt. "The basic idea of these schemes, however, is to fool individuals into paying money [up front to the person offering the debt reduction scheme] to have a debt eliminated or cancelled, or to obtain false documents and the instruction on how to submit the false documents to creditors." (Id. at p. 7)

The defendant asserts that plaintiff's counsel, Hess Kennedy, has a "pattern and practice" of instituting suits "in bad faith for the improper purpose of needlessly increasing litigation." (DE 24, p. 1)

> This action is virtually identical to eleven other lawsuits recently filed by Hess Kennedy in Broward County regarding Citibank accounts (the "Hess Kennedy Actions"). The Hess Kennedy Actions are part of a nationwide scheme offered by Hess Kennedy, whereby Hess Kennedy fabricates frivolous claims under the Fair Credit Billing Act in an attempt to leverage a reduction of debt for its clients.

(DE 21, Motion for Sanctions, pp. 1-2).

The defendant points out that one of the cases, Renterio v. CitiFinancial Inc., Case No. 07-60655-Civ-COHN, was dismissed

without prejudice when it was discovered that the plaintiff previously had filed for Chapter 13 bankruptcy in Texas. The plaintiff in that case told his bankruptcy attorney that he had paid Hess Kennedy money to negotiate his debt with the defendant, but no longer wished to pursue those negotiations. He did not know that a lawsuit had been filed in the Southern District of Florida in furtherance of his claim against the defendant, and asked that the case be dismissed since he no longer wished to pursue it. (DE 21-2, Exhibit J, pp. 13-14) At a hearing, Hess Kennedy produced its retainer agreement with Mr. Renterio. The Court denied the defendant's motion for sanctions against Hess Kennedy. (Case No. 07-60655-Civ-COHN, DE 25).

Another Hess Kennedy case was dismissed with prejudice upon settlement between the parties. Holmquist v. Citibank (South Dakota), N.A., Case No. 07-60892-Civ-MARRA. Finally, The Court permitted Hess Kennedy to withdraw from a case which was subsequently dismissed for failure of the pro se plaintiff to prosecute his claim. Menedez v. Citibank (South Dakota), N.A., Case No. 07-60661-Civ-HURLEY. The defendant contends that these dismissals illustrate a pattern of filing frivolous complaints, for which Hess Kennedy should be sanctioned under § 1927.

At the outset, the defendant has provided no legal authority for awarding § 1927 sanctions in this case based on the dismissal of other Hess Kennedy cases. Even if the Court were to consider these cases, they do not establish that those complaints

7

were frivolous and filed in bad faith. Indeed, the Court declined to award § 1927 sanctions in the <u>Renterio</u> case.

Using the "objectively reasonable" standard of conduct, the Court finds nothing in the filing of the instant complaint which would warrant § 1927 sanctions. The defendant has provided no evidence that the allegations of the complaint were baseless or unfounded, or that filing the complaint constituted unreasonable conduct.

Next the Court must consider the scheduling and attendance at the plaintiff's deposition, and the subsequent dismissal of the case. The parties have provided the correspondence regarding the date of the deposition and the plaintiff's intention not to appear personally. The defendant did not file a motion to compel the plaintiff's personal appearance at the deposition. The plaintiff filed a motion for leave to appear telephonically. The motion was denied and the plaintiff was ordered to appear in person on July 25, 2007. Plaintiff's counsel makes the assertion that he was trying to arrange transportation for the plaintiff. However, she stated that she could not appear in person, even if it meant dismissing her case.

The Court finds that filing the motion to appear telephonically constituted reasonable conduct under the circumstances. In light of the plaintiff's decision to dismiss the case rather than appear at her deposition in person, the filing of

the notice of voluntary dismissal also constituted reasonable conduct.

The only action which might be construed as unreasonable conduct is waiting until after the time of the deposition to file the dismissal. However, the plaintiff points out that the day before the deposition, her counsel sent defendant's counsel an e-mail stating that "Ms. Rovi is not going to be able to attend," and asking if a settlement were possible. (DE 23, Exhibit A) The plaintiff contends that this was sufficient notice to the defendant to spare him from fruitless attendance at the deposition.

The Court agrees that filing the notice of dismissal before the deposition might have saved defendant's counsel from having to attend the deposition with a court reporter. It is not clear that it would have spared him from having to prepare for the deposition. However, the July 24 communication that the plaintiff would not attend in person did not evidence unreasonable conduct, in light of the plaintiff's decision to dismiss the case since she could not attend the deposition. "[A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions" under § 1927. Amlong, at *9. The Court declines to find that the late filing of the voluntary dismissal constitutes such egregious conduct as to warrant § 1927 sanctions.

Finally, the defendant asks the Court to impose sanctions on both the plaintiff and her counsel based on the inherent power

of the Court to sanction frivolous and abusive conduct. <u>Allapattah Services, Inc. v. Exxon Corp.</u>, 372 F.Supp.2d 1344, 1372 (S.D.Fla. 2005)(new attorneys attempted to relitigate issues already decided on interlocutory appeal). As discussed above, the Court finds that the plaintiff's attorney did not engage in unreasonable conduct during the litigation of this case. Nor has the defendant demonstrated that the plaintiff engaged in frivolous or abusive conduct. The defendant asserts that the plaintiff's failure to comply with the Court's order to attend her deposition in person warrants the imposition of sanctions. <u>Dimension Leasing, Inc. v. Variety children's Hospital</u>, 2007 WL 1812174 (S.D.Fla. June 22, 2007). ("'To exercise its inherent power a court must find that the party acted in bad faith.'", *quoting*, <u>Martin v. Automobil Lamborghini Exclusive, Inc.</u>, 307 F.3d 1332, 1336 (11th Cir. 2002)). Again, the defendant has failed to demonstrate that the plaintiff or her counsel acted in bad faith. Thus sanctions based on the inherent power of the Court are not appropriate. With the Court being advised, it is hereby

10

ORDERED AND ADJUDGED that the defendant's motion for sanctions (DE 26) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 15th day of October, 2007.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Laura Hess, Esq. (P)
Louis Ursini, III, Esq. (D)